# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                         )
                         )    Def. I.D. # 1806003326
v.                       )
                         )
                         )
WAYNE S. O'NEAL          )
                         )
Petitioner/Defendant.    )

Submitted: August 12, 2019

Motion Decided:  August 29, 2019

*Upon Petitioner's Motion for Postconviction Relief (R-2)*

## DENIED

## MEMORANDUM OPINION AND ORDER

Wayne S. O'Neal, S-449 STATE MAIL, SBI #00199082, Sussex Correctional Institution, 23207 DuPont Highway, Georgetown, DE 19947.

Derek Gay, Deputy Attorney General, Department of Justice, 114 East Market Street, Georgetown, DE 19947; Attorney for State of Delaware.

**KARSNITZ, J.**

## MOTION FOR POSTCONVICTION RELIEF

## I.    HISTORY OF CASE

On June 5, 2018, Petitioner and defendant Wayne S. O'Neal ("Petitioner," "Defendant" or "O'Neal") was charged with DUI – 6th Offense; Driving While Suspended/Revoked; Failure to Have Insurance; Failure to Have a Registration Card; and, Failure to Transfer Title.[1] Petitioner waived preliminary hearing and was charged via Information with these offenses on July 12, 2018.[2] At the time of his arrest, Petitioner was on probation for a DUI – 4th Offense and a Violation of Probation was filed. This Court placed Petitioner on the fast track calendar. On August 7, 2018, the DUI – 6th Offense charge was reduced to DUI – 5th Offense.[3] On August 21, 2018, Petitioner, represented by Daniel A. Strumpf, Esquire ("Trial Counsel"), entered a guilty plea to DUI – 5th Offense (with an agreed upon sentence recommendation) and Driving While Suspended/Revoked; a nolle prosequi was entered on the remaining charges.[4]

On October 1, 2018, Petitioner filed a timely *pro se* First Motion for Postconviction Relief (the "First Rule 61 Motion") under Superior Court Rule of

---

[1] D.I. 1. "D.I." refers to docket items in Superior Court Case Def. I.D. # 1806003326.
[2] D.I. 4.
[3] D.I. 10.
[4] D.I. 14.

1

Criminal Procedure 61 ("Rule 61"), alleging multiple claims of violations of the Fourth and Eighth Amendments to the United States Constitution and ineffective assistance of counsel.[5] On October 15, 2018, this Court informed Petitioner that it had no jurisdiction over the First Rule 61 Motion because a direct appeal was pending before the Delaware Supreme Court, and informed Petitioner that he could resubmit the Motion after the Delaware Supreme Court decision was rendered.[6]

On December 6, 2018, the Delaware Supreme Court dismissed Defendant's appeal on jurisdictional grounds as untimely filed.[7] On January 14, 2019, Petitioner filed a timely *pro se* Second Motion for Postconviction Relief (the "Second Rule 61 Motion").[8] On April 18, 2019, Petitioner filed a Motion to Compel delivery of the entire case file.[9] On June 11, 2019, Trial Counsel filed his Rule 61(g) Affidavit as a part of his Response to Petitioner's Motion for Postconviction Relief.[10] On June 26, 2019, the State filed its Response in Opposition to the Motion for Postconviction Relief.[11] On July 1, 2019, I informed counsel that I had all necessary filings with respect to the motion for postconviction relief and directed Trial Counsel to respond to the Motion to Compel by July 31, 2019.[12] On July 29, 2019, Trial Counsel had

---

[5] D.I. 16.
[6] D.I. 21.
[7] D.I. 23.
[8] D.I. 26.
[9] D.I. 30.
[10] D.I. 34.
[11] D.I. 36.
[12] D.I. 37.

2

no objection to the Motion to Compel and delivered the entire case file to Petitioner.[13] At various stages of the proceedings, Petitioner filed various Addenda to his motion for postconviction relief, most recently on August 12, 2019.[14]

## II. PROCEDURAL BARS UNDER RULE 61(i).

I first address the procedural bars of Superior Court Criminal Rule 61(i).[15] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[16] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for (1) time limitations, (2) successive motions, (3) procedural default, or (4) former adjudication.[17]

A motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the

---

[13] D.I. 39.
[14] D.I. 40.
[15] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). All references to Rule 61 are to the rule as it existed when Petitioner filed his pro se motion for postconviction relief. See *Bradley v. State*, 135 A.3d 748, 757 n. 24 (Del 2016).
[16] *Id.*; *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[17] Super. Ct. Crim. R. 61(i).

3

United States Supreme Court.[18] In this case, Petitioner's conviction became final for purposes of Rule 61 at the conclusion of direct review when the Delaware Supreme Court issued its Order on December 7, 2018.[19] Petitioner filed his Second Rule 61 Motion on January 17, 2019. Therefore, consideration of the Second Rule 61 Motion is not barred by the one-year limitation of Rule 61(i)(1).

Nor is this a "second or subsequent motion" under Rule 61(i)(2). Although styled a "Second Motion for Postconviction Relief," this is only because the "First Motion for Postconviction Relief" was stayed during the pendency of the direct appeal to the Delaware Supreme Court. Thus, I treat the First Rule 61 Motion and the Second Rule 61 Motion collectively as a single "Motion for Postconviction Relief" (the "Rule 61 Motion").

Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[20] See my discussion of Petitioner's guilty plea, below.

---

[18] Super. Ct. Crim. R. 61(i)(1).
[19] D.I. 23; Super. Ct. Crim. R. 61(m)(2).
[20] Super. Ct. Crim. R. 61(i)(3).

4

Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction" are barred.[21] See my discussion of Petitioner's guilty plea, below.

The procedural bars to relief do not apply either to a claim that the Court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[22] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[23] None of these claims applies in this case.

Petitioner's Motion is based in part on claims of ineffective assistance of counsel ("IAC"), which can only be raised in a motion for postconviction relief.[24] The IAC issues presented in the Motion were not formerly adjudicated because ineffective assistance of counsel claims are not addressed by the Delaware Supreme Court on direct appeal.[25] Therefore, the IAC claims made in Petitioner's Motion are not procedurally barred.

### III. LEGAL ANALYSIS

Rule 61 provides in pertinent part:

"If it plainly appears from the motion for postconviction relief and the record of the prior proceedings in the case that the movant is not entitled to relief, the

---

[21] Super. Ct. Crim. R. 61(i)(4).
[22] Super. Ct. Crim. R. 61(i)(5).
[23] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[24] *Id.* at 61(i)(3).
[25] *Id.* at 61(i)(4).

judge may enter an order for its summary dismissal and cause the movant to be notified."[26]

In my view, it plainly appears from both the Rule 61 Motion itself, from the record of the proceedings in this case, and from applicable law, that Petitioner is not entitled to relief.

Petitioner's grounds for relief are allegations that: (1) Trial Counsel did not file a motion to suppress under the Fourth Amendment prior to entering his guilty plea; (2) Trial Counsel was generally ineffective as his counsel; (3) the fine he agreed to pay is excessive under the Eighth Amendment; and, (4) the sentence he agreed to is excessive under the Eighth Amendment. These claims are assessed under the two-part standard established in *Strickland v. Washington*,[27] as applied in Delaware.[28] Under *Strickland* and *Albury*, Defendant must show that (1) Trial Counsel's representation "fell below an objective standard of reasonableness" (the "performance part"); and, (2) the "deficient performance prejudiced [his] defense." (the "prejudice part").[29] In considering the performance part, the Court was mindful that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[30] *Strickland* requires an

---

[26] Super. Ct. Crim. R. 61(d)(5). See *State v. Grantham*, 2014 WL 5285499, at 2 (Del. Super. Oct. 10, 2014).

[27] 466 U.S. 668 (1984).

[28] *Albury v. State*, 551 A.2d 53 (Del. 1988).

[29] *Id.* at 687.

[30] *Id.* at 690.

6

objective analysis, making every effort "to eliminate the distorting effects of hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[31] In addition, "strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."[32]

As to the performance part, Petitioner must show that Trial Counsel's decisions as to which motions to make (such as a suppression motion) were not reasonable strategic decisions. In my view, counsel's decision not to move for suppression, and other decisions, were reasonable strategic decisions under the performance part of the *Strickland* test. Counsel's tactical decision not to make the suppression motion does not amount to ineffective assistance of counsel.

As to the prejudice part, Petitioner must demonstrate that there exists a reasonable probability that, but for Trial Counsel's unprofessional errors, the outcome of the trial would have been different.[33] Even if counsel's performance *were* professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[34] A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was

---

[31] *Id.* at 689.

[32] *Id.* at 681.

[33] *Id.* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

[34] *Strickland,* at 691.

7

affected."[35] Here, there is no evidence that the result of the proceedings would have been different had Petitioner not taken a guilty plea.

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both parts of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether Trial Counsel's performance was deficient *before* examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.[36] In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.[37]

In this case, Petitioner entered a guilty plea to the charges against him. He signed a Truth-in-Sentencing Guilty Plea Form, which he reviewed with Trial Counsel before signing, and entered into a full colloquy with the trial judge, all with respect to the knowing, intelligent and voluntary waiver of rights inherent in his guilty plea. In *Colburn v. State*, 2016 WL 5845778 (Del. Oct. 5, 2016), as in this

---

[35] *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).
[36] *Strickland,* at 697.
[37] *Id.* at 696.

8

case, the defendant waived indictment and pled guilty to a variety of charges. As in this case, the defendant and the State agreed on a recommended sentence that was less than what might otherwise have been given. As in this case, the defendant soon after sentencing filed a motion for reduction of sentence and motion for postconviction relief under Rule 61. The grounds, as in this case, were ineffective assistance of counsel. The defendant appealed the Superior Court's denial of his two motions to the Delaware Supreme Court, arguing that he would not have pled guilty if his counsel had effectively advised him. In affirming the Superior Court, the Supreme Court held:

> "To prevail on a claim of ineffective assistance of counsel after entry of a guilty plea, [defendant] must demonstrate that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable. A defendant asserting a claim of ineffective assistance must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel." [Internal Citations Omitted]

The Court found nothing credible in the record that supported the contention that, even if the defendant had pursued the course of action his trial counsel had recommended against, he would not have pled guilty and would have insisted on proceeding to trial. By pleading guilty, the defendant obtained the benefit of having the State agree to a lesser sentence.

The Court also emphasized the circumstances of the defendant's guilty plea:

9

"[Defendant's] Truth-in-Sentencing Guilty Plea Form and guilty plea colloquy contradict his contention that he was coerced into pleading guilty. In the Truth-in-Sentencing Guilty Plea Form, [the defendant] indicated that he freely and voluntarily decided to plead guilty, no one, including his counsel and the State, forced him to plead guilty, and he understood he was waiving certain constitutional rights. During the guilty plea colloquy, [the defendant] stated that he was guilty of [the offenses], he understood the Superior Court was not bound by the sentencing recommendation, and he was satisfied with his counsel's representation. Absent clear and convincing evidence to the contrary, which he has not identified, [the defendant] is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form." [Internal Citations Omitted]

As in *Colburn*, Petitioner has submitted not one shred of credible evidence to support his contention that, despite Trial Counsel's good recommendations and advice, he would have prevailed on a suppression motion, he would not have pled guilty and would have proceeded to trial, and his fine and sentence would have been different. As in *Colburn*, there is no evidence whatsoever that Petitioner was coerced into pleading guilty or did not understand the consequences of his guilty plea; therefore, he is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.

I should also mention that, under Rule 61(e)(3), appointment of counsel for Petitioner's first timely Rule 61 Motion, if the motion seeks to set aside a judgment of conviction that resulted from a guilty plea, is required only if I determine that:

"(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody;

10

*and*, (iv) specific exceptional circumstances warrant the appointment of counsel." [Emphasis Supplied]

In this case, none of the four conditions is satisfied. The Rule 61 Motion does not set forth a substantial claim that Petitioner received ineffective assistance of Trial Counsel in relation to the guilty plea, and there are no specific exceptional circumstances that warrant the appointment of counsel.

## IV.   CONCLUSION

Therefore, Petitioner Wayne S. O'Neal's Motion for Postconviction Relief is summarily **DISMISSED.**   I am entering this Opinion as my **ORDER.**   The Prothonotary shall cause Petitioner and the Deputy Attorney General to be so notified. Because the Rule 61 Motion is summarily dismissed, the record need not be expanded, the Attorney General need make no response,[38] and no evidentiary hearing need be held.[39]

---

[38] Super. Ct. Crim. R. 61(f).
[39] Super. Ct. Crim. R. 61(h).